sonal charge of the warehouse while it was open, and knew of no theft committed therein. Plaintiffs admitted that four of defendant's employees who helped to pile the cases would, if present, testify that they worked around the warehouse and that the cases were not tampered with in any way and were in the same condition when delivered as when received by defendant.

To reverse a judgment for plaintiffs for $51.75, defendant prosecutes this writ of error.

SHERIFF, DENT, DOBYNS & FREEMAN, for plaintiff in error.

SONNENSCHEIN, BERKSON & FISHELL, for defendants in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

WAREHOUSEMEN, § 27*—*when evidence insufficient to show negligence.* Evidence examined and *held* insufficient to show negligence on the part of a warehouseman.

---

### City of Chicago, Defendant in Error, v. Joseph Betti, Plaintiff in Error.

### Gen. No. 20,402.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed March 23, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by the City of Chicago, plaintiff, against Joseph Betti, defendant, to recover a penalty for the violation of a city ordinance prohibiting the sale of tobacco to minors.

To reverse a judgment for plaintiff, defendant sues out this writ of error.

CAIROLI GIGLIOTTI, for plaintiff in error.

JOHN W. BECKWITH and ALBERT J. W. APPELL, for defendant in error; ULYSSES S. SCHWARTZ, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*when record on writ of error insufficient.* "Statement of facts" examined and *held* insufficient.

2. MUNICIPAL COURT OF CHICAGO, § 26*—*when abstract of evidence necessary on writ of error.* On a writ of error to the Municipal Court of Chicago, the evidence sought to be preserved should be abstracted.

3. APPEAL AND ERROR, § 365*—*when point not raised below not reviewed.* On a writ of error, a question as to the passage of an ordinance not raised below will not be reviewed.

4. EVIDENCE, § 224*—*when witness' testimony as to his age not hearsay.* The testimony of a witness as to his age is not incompetent as hearsay.

5. CRIMINAL LAW, § 160*—*when production of evidence not required.* On a suit for a penalty for selling tobacco to minors, the production of the tobacco sold is not required.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.